UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James C. Maxey,<br><br>          Petitioner,<br><br>     v.<br><br>Federal Bureau of Investigation and U.S. Department of Homeland Security et al.,<br><br>          Respondents. | No.  2:13-cv-02662-TLN-DAD<br><br>**ORDER** |

This matter is before the Court on a Petition for a Temporary Restraining Order filed by Plaintiff and Petitioner James C. Maxey ("Plaintiff").  (ECF No. 1.)  Plaintiff is a pro se litigant.[1] Plaintiff "petitions this Court for an emergency hearing and an order compelling the Federal Bureau of Investigation and U.S. Department of Homeland Security [sic] immediately cease and desist the 24-hour surveillance of the petitioner."  (ECF No. 1 at 1:14–18.)  Plaintiff names as Respondents the "Federal Bureau of Investigation, U.S. Department of Homeland Security, George Bush I, George Bush II, Richard Cheney, and FBI agent Jennifer Silva."  (ECF No. 1 at 2:3–6.)

---

[1] *See* Temporary Restraining Order (TRO) Checklist, ECF No. 1-2 (checking box for "Filing party is acting in pro se"); *but compare* ECF No. 1 (identifying Plaintiff as "James C. Maxey, ESQ.").

1

Plaintiff filed a similar action[2] and request for an emergency hearing nine days ago before this Court in case number 2:13-cv-02620-TLN-DAD. This Court denied Plaintiff's request for an emergency hearing. *See Maxey v. The United States of America*, No. 2:13-cv-02620-TLN-DAD (E.D. Cal. Dec. 20, 2013).

For similar reasons, Plaintiff's Petition for a Temporary Restraining Order is also denied in this action. As a threshold matter, Plaintiff has failed to comply with the requirements of Local Rule 231(c) with respect to temporary restraining orders, evidenced by his additional failure to complete the Court's TRO checklist. (*See* ECF No. 1-2 at 1–2.)

Furthermore, Plaintiff has not articulated why he could not have sought injunctive relief at an earlier date. *See* L.R. 231(b) ("In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order."). Plaintiff alleges that he has been subject to 24-hour surveillance since the Bush Administration; he also alleges that medical procedures were performed on him while he was living in the United Kingdom, with no reference to time.[3] Accordingly, the Court concludes that Plaintiff's unexplained delay in bringing his Petition constitutes laches, he has unreasonably delayed in seeking injunctive relief, and his actions contradict the allegations of irreparable injury. *See* L.R. 231(b) ("Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.").

Finally, Plaintiff does not satisfy the stringent standard to justify ex parte injunctive relief. To qualify for a temporary restraining order, at minimum the moving party must demonstrate (1) a probability of success on the merits and the possibility of irreparable harm, and (2) that the

---

[2] Based on Local Rule 123, the two actions are both assigned to the undersigned. (*See* Minute Order, ECF No. 3.)

[3] According to Plaintiff's complaint in case number 2:13-cv-02620 some medical fraud and malpractice took place in 1976. It is not clear whether this is the same conduct that Plaintiff refers to in this action.

lawsuit raises serious questions and the balance of hardship tips sharply in the movant's favor. *See Hoopa Valley Tribe v. Christie*, 812 F.2d 1097, 1102 (9th Cir. 1986); *Regents of Univ. of Cal. v. American Broadcasting Companies, Inc.*, 747 F.2d 511, 515 (9th Cir. 1984); *see also* Fed. R. Civ. P. 65.  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), they are not immune from the Federal Rules of Civil Procedure.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995).  Plaintiff's Petition fails to demonstrate a probability of success on the merits, a possibility of irreparable harm, or that this lawsuit raises serious questions of public interest with the balance of hardships tipping in his favor.

Therefore, Plaintiff's Petition for a Temporary Restraining Order is DENIED.

**IT IS SO ORDERED.**

Dated: December 27, 2013

Troy L. Nunley
United States District Judge